

**SIGNED this 02 day of November, 2010.**

_____
 John C. Cook
 **UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | |
| **WFG, LLC** | ) | **No. 09-11265** |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| _____ | ) | |
| | ) | |
| **Richard P. Jahn, Trustee** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Adv. No. 09-1165** |
| | ) | |
| **JOEB Enterprises, LLC** | ) | |
| | ) | |
| **Defendant** | ) | |

### **M E M O R A N D U M**

This adversary proceeding is before the court on the motion for summary judgment filed by the defendant on August 19, 2010. In this proceeding, the plaintiff seeks the avoidance and

1

recovery of certain transfers of jewelry and gemstones by the debtor to the defendant as preferential or fraudulent transfers. The motion before the court asserts that the proceeding should be dismissed, because (1) the debtor had no interest in the items transferred, and (2) the claims asserted in this proceeding were abandoned by the plaintiff. For the reasons set forth below, the court will deny the motion.

I.

The record reveals the following undisputed facts. The defendant is engaged in the appraisal and acquisition of precious stones, but also locates and acquires loose gemstones for collectors, museums, and fine custom jewelry designers and manufacturers. The debtor operated an upscale retail jewelry store known as The W Gallery from the spring of 2008 until February 2009.

The defendant delivered a black opal pendant to the debtor on or about October 9, 2008, and delivered three other items of jewelry and one cuprian tourmaline gemstone to the debtor on or about December 23, 2008. The items were returned to the defendant on January 15, 2009. The defendant contends that the items were not consigned to the debtor but were delivered solely for the purpose of display at a "trunk show." According to the defendant, a "trunk show" is a showing at which a vendor displays goods at a retailer's location solely for the purpose of educating the retailer's customers and not for the purpose of selling the goods. The debtor's trunk show took place on December 23, 2008.

On or about January 16, 2009, the defendant provided the debtor with certain pink gemstones for the debtor to display at a fundraiser for breast cancer education and research. The defendant contends that the stones were not provided to the debtor for sale but only for display pur-

poses. One of the gemstones, a 2.29-carat pink sapphire, was returned to the defendant on January 27, 2009. The remaining pink gemstones remained in the debtor's safe until they were seized by the debtor's secured lender, Cornerstone Bank.

The defendant never filed a UCC-1 financing statement with respect to any of the jewelry items or gemstones described above.

On March 2, 2009, the debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, and the plaintiff was appointed trustee of the debtor's bankruptcy estate. On March 23, 2009, the court entered an Order Abandoning Property and Lifting Stay, which was approved by counsel for the plaintiff, the defendant, and the debtor. The order abandoned "all consigned items from Carley Jewels, LLC and JOEB Enterprises, LLC."

On October 20, 2009, the plaintiff filed the complaint initiating this adversary proceeding, which seeks to avoid the debtor's return to the defendant of the six items described above as preferential or fraudulent transfers. As indicated above, the defendant filed the motion for summary judgment on August 19, 2010. The defendant also filed a motion to consolidated this proceeding with another adversary proceeding and a motion to strike portions of the plaintiff's affidavit on October 4 and 5, 2010, respectively.

## II.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c). All reasonable inferences are drawn in favor of the non-moving party. *Waeschle v. Dragovic*,

576 F.3d 539, 543 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### A.

The trustee seeks to avoid the transfers under § 547 or 548 of the Bankruptcy Code. One of the elements that must be proven to recover under either of those statutes is that there was a transfer of an "interest of the debtor in property." 11 U.S.C. §§ 547(b), 548(a)(1). The defendant contends, first, that there is no genuine issue that the debtor did not have an interest in any of the items returned to the defendant.

In contending that the debtor did have an interest in the items, the plaintiff relies on Article 9 of the Uniform Commercial Code as enacted in Tennessee, alleging that the transactions constituted "consignments." Article 9 treats consignments as secured transactions, T.C.A. § 47-1-201(35), such that the goods are considered to be property of the consignee subject to a security interest in favor of the consignor, *id.* § 47-9-319. When consigned goods are returned to the consignor by a consignee that subsequently files a bankruptcy petition and the trustee seeks to avoid the return as a preferential transfer, "such goods are considered to be property of the debtor and thus subject to the provisions of § 547(b)." *Reisz v. Newcomb Oil Co. (In re Andaco, Inc.)*, 226 B.R. 578, 581 (Bankr. W.D. Ky. 1998).[1] Thus, if the transactions constituted "consign-

---

[1] Although there do not appear to be any cases decided since the revision of UCC Article 9 involving the avoidance of returns of consigned goods, there is no reason that the same principles would not apply under revised Article 9: "Insofar as creditors of the consignee are concerned, this Article to a considerable extent reformulates the former law, which appeared in former Sections 2-326 and 9-114, *without changing the results*." U.C.C. § 9-319 cmt. 2.

ments," the transfers were of "interests of the debtor in property" that may be avoidable as preferential or fraudulent transfers.[2]

The UCC defines "consignment" as follows:

> "Consignment" means a transaction, regardless of its form, in which a person delivers goods to a merchant for the purpose of sale and:
>
> (A) the merchant:
>
> > (i) deals in goods of that kind under a name other than the name of the person making delivery;
> >
> > (ii) is not an auctioneer; and
> >
> > (iii) is not generally known by its creditors to be substantially engaged in selling the goods of others;
>
> (B) with respect to each delivery, the aggregate value of the goods is one thousand dollars ($1,000) or more at the time of delivery;
>
> (C) the goods are not consumer goods immediately before delivery; and
>
> (D) the transaction does not create a security interest that secures an obligation.

T.C.A. § 47-9-102 (20). The parties' dispute focuses on the first requirement, i.e., that the goods be delivered "for the purpose of sale": the plaintiff asserts that the defendant delivered the gem-

---

[2] Whether or not the transactions constituted "consignments" would have been irrelevant had the defendant filed a UCC financing statement, because "[p]re-petition transfers to a creditor that is fully secured on the petition date are generally not preferential because the secured creditor is entitled to 100 percent of its claims." *Batlan v. TransAmerica Commercial Fin. Corp. (In re Smith's Home Furnishings, Inc.)*, 265 F.3d 959, 964 (9th Cir. 2001); *accord, e.g.*, *Committee of Creditors Holding Unsecured Claims v. Koch Oil Co. (In re Powerine Oil Co.)*, 59 F.3d 969, 972 (9th Cir. 1995); *Goldberg v. Such (In re Keplinger)*, 284 B.R. 344, 347 (N.D.N.Y. 2002); *Hashimoto v. Clark*, 264 B.R. 585, 608 (D. Ariz. 2001); *Telesphere Liquidating Trust v. Galesi*, 246 B.R. 315, 319 (N.D. Ill. 2000).

stone and jewelry items to the debtor for the purpose of sale; and the defendant asserts that they were not delivered for sale but only for display.

The defendant relies on affidavits from its principal and the debtor's principal to the effect that the items were delivered to the debtor for display purposes and not for sale. With respect to the black opal pendant, the plaintiff relies on a consignment memo dated July 9, 2008, but bearing a handwritten notation that the item was received on October 9, 2008. The defendant asserts that the pendant was consigned to the debtor in July, but was then returned and, when it was again delivered to the debtor in October, it was not consigned. With respect to the pink sapphire, the plaintiff relies on a consignment memo with respect to the pink gemstones, which is dated the day of delivery. The defendant's consignment memo forms stated:

> This document constitutes a consignment contract agreement between JOEB Enterprises, LLC and the consignee for the sole purpose of a sale or purchase. Title of the above merchandise shall remain that of JOEB Ent., LLC until actual payment is made in full.

The "Customer" is identified as "W Gallery." The plaintiff has not submitted any consignment memos with respect to any of the other four items of jewelry. However, two of those items are reflected on the debtor's inventory report as having been held in inventory. The plaintiff has not submitted any documentation with respect to the other two items, but the testimony of the debtor's principal, although far from explicit, does suggest that those two items (and the black opal pendant and one of the other items that is listed on the inventory report) were held by the debtor for sale.

Because of the conflicting evidence regarding whether the six items of jewelry or gemstones were delivered to the debtor for the purpose of sale, the court concludes that there are genuine issues of fact precluding summary judgment on the ground that the defendant's trans-

actions with the debtor constituted "consignments." Accordingly, the court will not grant summary judgment on the issue of whether the transfers were "of an interest of the debtor in property" for the purposes of §§ 547 and 548.[3]

**B.**

The defendant also seeks summary judgment on the ground that the plaintiff has abandoned his avoidance claims by abandoning all interest of the debtor's bankruptcy estate in goods that the defendant consigned to the debtor. In so contending, the defendant relies on the Order Abandoning Property and Lifting Stay entered on March 23, 2009, whereby the plaintiff abandoned "all consigned items" from the defendant. However, the plaintiff did not abandon the causes of action asserted in this adversary proceeding.

A trustee may only abandon property of the estate. 11 U.S.C. § 554(a). The gemstones and jewelry items that are the subject of this proceeding were not property of the debtor when its chapter 7 petition was filed, as they had already been returned to the defendant,[4] so the items did not become property of the debtor's bankruptcy estate. *Id.* § 541. Accordingly, the items could not have been abandoned in March 2009. Moreover, the plaintiff does not seek the turnover of

---

[3] The defendant also argues that it was not a "creditor" within the meaning of § 547(b)-(1). However, if the transactions were "consignments" such that they are treated as secured transactions, the return of the items would be transfers to a creditor for or on account of antecedent debts, because the defendant's "security interests" would secure the debtor's obligation to either pay for the items when the debtor sells them or return the items to the defendant if they went unsold. It does not appear that the plaintiff has a claim for avoidance of the transfers as fraudulent conveyances, however, because, if the transactions were "consignments" as the plaintiff contends, the consideration for the return of the items to the plaintiff – the satisfaction of the obligation to pay for the items or return them – would appear to constitute "reasonably equivalent value." *See* 11 U.S.C. § 548(a)(1)(B)(I), (d)(2)(A).

[4] For the same reason, the items were not "consigned items" at the time the agreed order was entered.

those items in this proceeding, but seeks a money judgment for the value of the items. *See id.* § 550(a).

The defendant's contention that "[t]he abandonment was of all claims" is simply incorrect, as the agreed order does not even use the word "claim." The court will not grant the defendant summary judgment on this basis.

### III.

The defendant has also filed a motion to strike those portions of the plaintiff's affidavit. The court will rule on the specific objections *seriatim*:

1. The references in Paragraph 7 of the affidavit to Items 1, 5, and 6 are appropriate, as the descriptions of the transferred goods in the complaint are broad enough to include these items.

2. The statement in Paragraph 8 of the affidavit regarding the content of the consignment memo form is accurate and the affidavit does not indicate that there was a consignment memo with respect to any item other than Items 1 and 2 listed in Paragraph 7.

3. Paragraph 8 of the affidavit accurately states that Items 3-4 appear on the debtor's inventory report with the reference "memo."

4. The last sentence of Paragraph 8 of the affidavit is not intended to summarize the debtor's principals' affidavits but summarizes the plaintiff's interpretation of their oral testimony, which the court has found is sufficient to create a genuine issue of material fact.

5. Paragraph 9 of the affidavit states that the handwritten notation on the consignment memo reflects that the opal pendent was "received" by the debtor on October 9, 2008. Although it is difficult to tell from the copy of the memo filed with the trustee's affidavit, it appears that the handwritten notation on the document is "Rcivd 10/9/08". While the court will not strike the trustee's interpretation of that notation from his affidavit, suffice it to say that whether the handwritten notation reflects receipt of the item or return of the item will remain a contested issue of fact in this proceeding.

6. The court interprets the language quoted from Paragraphs 10-12 of the affidavit as indicating that the items appear on the debtor's inventory report.

Main Document    Page 9 of 10

7. The statement in Paragraph 13 of the affidavit is not intended to summarize the debtor's principals' affidavits but summarizes the plaintiff's interpretation of their oral testimony, which the court has found is sufficient to create a genuine issue of material fact.

8. The last sentence of Paragraph 14 of the affidavit is not intended to summarize the debtor's principals' affidavits but summarizes the plaintiff's interpretation of their oral testimony. As for the objection that the transcript of their testimony constitutes hearsay, such a "record of prior testimony" may be used "to determine what the witness will testify at trial despite the fact that a deposition is multiple hearsay." Charles Alan Wright, Kenneth W. Graham, Jr., *Federal Practice & Procedure Evidence* § 6334 (1st ed. 2010). "District courts routinely consider properly authenticated deposition transcripts." *Thomas v. Harvey*, No. 09-5562, 2010 WL 2545520, at *4 (6th Cir. June 16, 2010). Presumably, the debtor's principals will testify at trial, in which event their prior testimony would not constitute hearsay, Fed. R. Evid. 801(d)(1); conversely, if they are unavailable at trial, their prior testimony may fall within an exception to the hearsay rule, *id.* R. 804(b)(1).

9. Regarding Paragraph 17 of the affidavit, although the plaintiff is not seeking to avoid transfers of the gemstones listed in Paragraph 16, they are pertinent to the defendant's contention that the plaintiff has abandoned the cause of action asserted in this proceeding and are, therefore, relevant.

10. Paragraph 19 of the affidavit is relevant as stating the plaintiff's understanding of and his intent in signing the Order Abandoning Property and Lifting Stay.

11. The court will disregard the statement in Paragraph 20 of the affidavit that Cornerstone acted "for merciful reasons of its own."

12. Paragraph 21 of the affidavit is relevant to the "greater percentage" element of preference avoidance, 11 U.S.C. § 547(b)(5).

For the foregoing reasons, the court will deny the defendant's motion to strike portions of the plaintiff's affidavit.

### IV.

The defendant also seeks to consolidate this adversary proceeding with the proceeding styled *Jahn v. Carley Jewels, LLC (In re WFG, LLC)*, Ch. 7 Case No. 09-11265, Adv. No. 09-1166). The plaintiff has not responded to that motion. *See* E.D. Tenn. LBR 7007-1(a) ("A failure

to respond timely will be construed to meant that the respondent does not oppose the relief requested by the motion."). Rule 42(a) of the Federal Rules of Civil Procedure, made applicable in bankruptcy adversary proceedings by Rule 7042 of the Federal Rules of Bankruptcy Procedure, provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

As these proceedings both seek the avoidance of the debtor's returns to the defendants of goods that were alleged to have been consigned to the debtor, they do involve some common questions of law and fact. For that reason and because the proceedings are set for trial on consecutive days, the court will consolidate the two adversary proceedings for trial, and will schedule the joint trial for November 30, 2010, beginning at 9:00 a.m.

## V.

There is a genuine issue of fact material to whether the gemstones and jewelry that the debtor returned to the defendant constituted property in which the debtor had an interest as required by §§ 547 and 548 of the Bankruptcy Code. In addition, the court holds that the plaintiff has not abandoned the avoidance causes of action asserted in this proceeding. Accordingly, the court will enter a separate order denying the defendant's motion for summary judgment. The court will also deny the defendant's motion to strike certain portions of the plaintiff's affidavit, but will grant the defendant's motion to consolidate.

# # #